United States Bankruptcy Court
Northern District of Illinois, Eastern Division

In re:  )
Giocchino La Barbera  )
(aka Glocchino La Barbera)  ) Case No. 15-37554
  )
Debtor.  )
  ) Chapter 13
  )
  )
  ) Judge Donald R. Cassling
  )
  ) DuPage County

**OBJECTION TO CONFIRMATION OF PLAN**

Now comes the DuPage County Clerk's Office, and for its Objection to Confirmation of the above Debtor's Plan, states as follows:

1. On November 15, 2012, the DuPage County Treasurer's Office (Treasurer's Office) sold the Debtor's 2011 property taxes to the tax buyer, Property Group, for the property located at 2N273 Pleasant Hill Road, Carol Stream, Illinois, 60188.
2. Property Group subsequently bought the 2012, 2013 and 2014 real estate taxes.
3. On November 3, 2015, Debtor filed a Chapter 13 Bankruptcy case and Plan which proposes that the DuPage County Clerk will accept partial payments of $0 per month for a total secured amount of $24,863.52, at 0% interest.
4. The DuPage County Clerk's Office cannot accept partial payments.
5. Although a bankruptcy court can modify the rights of a creditor who has a claim, the Clerk is not a creditor; the Clerk does not have a claim against the Debtor; the Clerk does not have a right to payment; the Clerk does not have a right to an equitable remedy for breach of performance. The Clerk simply follows its statutory duties.
6. The Clerk is required by statute to act as a conduit between the Debtor and the tax buyer to assist with the process of the Debtor redeeming his taxes. 35 ILCS 200/21-355; 35 ILCS 200/21-390.
7. The Clerk is an elected official whose duties have long been understood to be exclusively ministerial in nature. *See People ex rel. the Attorney General v. Salomon*, 54 Ill. 39, 45-46 (1870).
8. The Clerk's duties include full compliance with the dictates of the Illinois Property Tax Code (the Code), 35 ILCS 200/1 *et seq.*, including those statutory provisions providing for the redemption of delinquent real estate taxes as set forth in the Code.
9. The Code states, "[a]ny person desiring to redeem shall deposit an amount specified in this Section with the county clerk of the county in which the property is situated....The deposit shall be in an amount equal to the **total** [bold added] of the following: (a) the certificate amount, which shall include all tax principal, special assessments, interest and penalties paid by the tax purchaser together with costs and fees of sale and fees paid under sections…, the accrued penalty…." 35 ILCS 200/21-355.
10. The statute directs the Clerk's Office to accept total payments; there is no direction in this statute, or anywhere else in the Tax Code, on how the Clerk's Office would administer the acceptance of partial payments.

11. Additionally, there is a risk of administrative confusion accompanying the acceptance of partial payments under a Chapter 13 Plan. The Clerk would face issues such as how the sums from Plan payments are to be segregated for each debtor's bankruptcy estate; how interest is to be calculated and distributed; and what is the proper procedure for refund of redemption funds, with or without a right to some amount of interest in the event that a bankruptcy proceeding is dismissed before all payments have been made. The Code simply does not address issues such as these, since partial payments by the Clerk's Office were not contemplated as part of the Clerk's statutory duties.

12. An additional risk in having the Clerk's Office accept and pass along partial payments to the tax buyer is that the Code allows a tax buyer to receive a sale in error if a taxpayer has filed a bankruptcy petition after the date of the tax sale and prior to the issuance of a tax deed. 35 ILCS 200/21-315(b). The statute does not account for a tax buyer having been partially paid by a debtor.

13. Thus, the tax buyer will have received tax payments from the property owner (Debtor), and then will receive a full refund plus interest from the Treasurer's Office.

14. On May 15, 2015, the Honorable Donald R. Cassling sustained the DuPage County Clerk's Office objection to a Plan which required the Clerk's Office to accept partial payments in a Plan similar to the instant Plan (*In re. Fortunato T. Cruz, Jr. and Gracia R. Cruz*, Northern District of Illinois, *14-46112*), holding that the Clerk's Office is not a creditor. "The Court agrees with the Clerk's position that it is nothing more than a conduit between the debtors and the tax purchaser to assist the debtors with the process of redeeming their taxes. In addition, the text of 35 Illinois Code 200/21-355 requires the Clerk to accept total payments. There is no provision in the statute that would direct the Clerk or give it any guidance on how it should administer the acceptance of partial payments". (p. 3 of Judge Cassling's ruling on May 15, 2015, *In re Cruz*) (Exhibit A).

15. When a bankruptcy case is filed *after* a tax sale (as in the instant case), the Treasurer's Office can conduct a sale in error, if the tax buyer agrees to the sale in error. 35 ILCS 21-310 (b)(1).

16. If the tax buyer agrees to this sale in error, the debt returns to the Treasurer's Office which then allows the Debtor the ability to pay the Treasurer's Office the real estate taxes through the Plan.

17. In the instant case, the Treasurer's Office has contacted Ben Bass, the attorney for the tax buyer, Property Group, and Mr. Bass will not agree to a sale in error on this property; therefore, the taxes remain as sold and as a debt to the tax buyer, Property Group, not to the Clerk or to the Treasurer's Office.

18. If the Plan is to include sold taxes, Section G can include the following suggested language: "Debtor (or Debtor's attorney) shall escrow sold taxes on his own and then shall redeem sold taxes directly by payment of the full redemption amount to the DuPage County Clerk's Office".

19. An additional objection by the Clerk is that the Debtor's Plan is unclear as to what property he intends to include in his Plan. Neither Debtor's petition nor Debtor's Plan references a PIN #. The Clerk and Treasurer's Office are assuming the PIN is 02-31-405-005; however, since this PIN # does not match the Debtor's home address listed in the petition, the Clerk requests the Debtor to clarify the PIN # for the property he is attempting to schedule through his Plan.

WHEREFORE, the DuPage County Clerk's Office prays that this Court deny confirmation of Debtor's Chapter 13 Plan.

Respectfully submitted,
/s/Barbara Q. Reynolds
Date: November 24, 2015

Barbara Q. Reynolds ARDC #: 6209778
Assistant State's Attorney
Robert B. Berlin
DuPage County State's Attorney's Office
503 N. County Farm Road
Wheaton, IL 60187
Tel: 630-407-8272

                                                                    1

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3    IN RE:                    )   No. 14 B 46112
                                )   Chapter 13
 4    FORTUNATO T. CRUZ, JR.,   )   May 15, 2015
      and GRACIA R. CRUZ,       )   10:00 a.m.
 5                              )
          Debtors.              )
 6
               TRANSCRIPT OF THE PROCEEDINGS
 7          BEFORE THE HONORABLE DONALD R. CASSLING

 8    APPEARANCES:

 9        OFFICE OF THE CHAPTER 13 TRUSTEE,
          MR. GLENN B. STEARNS
10        BY MS. CAROLYN A. SUZZI,
          801 Warrenville Road, Suite 650
11        Lisle, IL  60532-4350
          630-981-3888
12
              appeared on behalf of the Chapter 13
13            Trustee, Glenn B. Stearns;

14
          GERACI LAW, L.L.C.
15        BY MR. ALEX WILSON,
          55 E. Monroe - Suite 3400
16        Chicago, IL  60603

17            appeared on behalf of the debtor;

18
          DuPAGE COUNTY STATES ATTORNEY'S OFFICE
19        BY MS. BARBARA Q. REYNOLDS, ASA,
          503 N. County Farm Rd.
20        Wheaton, IL  60187
          630-407-8272
21
              appeared on behalf of the DuPage County
22            Clerk's Office.

23    REPORTER:
          Susan G. Bloom, CSR
24        7757 Somerset Drive
          Marengo, Illinois 60152
25        815-923-4104
```

```
 1                    (Whereupon, the following
 2                     proceedings were had
 3                     before Court and counsel
 4                     in open court:)
 5         THE CLERK:  Fortunato and Gracia Cruz.
 6         MR. WILSON:  Alex Wilson for the debtor.
 7         MS. REYNOLDS:  Good morning, Your Honor.
 8  Barbara Reynolds on behalf of the DuPage County
 9  Clerk's Office.
10         THE COURT:  Okay.  Good morning to both of
11  you.
12         I am prepared to rule on the objection
13  and to sustain the objection made by the DuPage
14  County Clerk's Office for the following reasons:
15         Prior to the debtors filing this case,
16  on November 20, 2014, Union Tax Investors, Inc.,
17  purchased the debtors' 2013 delinquent property taxes
18  at a tax sale.  The amount owed for the 2013 property
19  taxes as of the date of the filing of the petition on
20  December 30, 2014, is $8,059.91.  The redemption
21  period expires on May 22nd, 2017.
22         On January 26, 2015, the debtors filed a
23  modified proposing that the DuPage County Clerk
24  accept partial payments of $212.25 per month for a
25  total of $8,059.91.  The DuPage County Clerk objects
```

1  to this language in the plan on the basis that the
2  Clerk cannot accept partial payments.  The Court
3  agrees with the Clerk's position that it is nothing
4  more than a conduit between the debtors and the tax
5  purchaser to assist the debtors with the process of
6  redeeming their taxes.
7         In addition, the text of 35 Illinois
8  Code 200/21-355 requires the Clerk to accept total
9  payments.  There is no provision in the statute that
10 would direct the Clerk or give it any guidance on how
11 it should administer the acceptance of partial
12 payments.  The Clerk points out that there would be
13 administrative confusion accompanying the acceptance
14 of partial payment under a Chapter 13 plan, such as
15 how the monies would be segregated, how interest
16 would be calculated, and the proper procedure for
17 refund of redemption funds in the event the
18 bankruptcy case is dismissed before all the payments
19 are made.
20         The Court disagrees with the debtors'
21 argument that the Clerk's a creditor.  The Clerk,
22 itself, is not owed money by these debtors and has
23 not filed a claim in this case.  The debtors are not
24 without a remedy, however.  The Clerk has suggested,
25 and this Court agrees, that either the debtors or

1  their attorney or even the Chapter 13 Trustee could
2  escrow the money until the full redemption amount can
3  be paid to the Court. See In re Lamont, 740 F.3d 397
4  at 410. The Clerk has suggested language in its
5  reply brief in Paragraph 11 that would be acceptable.
6  For the reasons stated, I'm sustaining the DuPage
7  County Clerk's Office's objection to confirmation of
8  the debtors' plan.
9       Okay?
10      MS. REYNOLDS: Thank you, Your Honor.
11      MR. WILSON: Thank you.
12      THE COURT: Now, where does that leave us
13 overall?
14      MR. WILSON: I think that we have to --
15      MS. SUZZI: Go back to the drawing board.
16      MR. WILSON: -- go back to the drawing board.
17 If we could maybe have, maybe four weeks, if that's
18 okay?
19      Money's coming in, correct?
20      MS. SUZZI: Yes.
21      THE COURT: Okay. Four weeks. Let's see
22 where we are at that point.
23      THE CLERK: June 12th at 10:00 a.m. for all
24 matters.
25      MR. WILSON: Thank you.

```
 1          MS. REYNOLDS:  Thank you, Your Honor.
 2          THE COURT:  You're very welcome.
 3                  (Which were all the proceedings
 4                   had in the above-entitled cause
 5                   on the day and date aforesaid.)
 6
 7    I hereby certify that the foregoing is a correct
 8  transcript from the record of proceedings in the
 9  above-entitled matter.
10
11
12                          _____
                            Susan G. Bloom, CSR
13                          No. 084-001546
14
15
16
17
18
19
20
21
22
23
24
25
```

United States Bankruptcy Court
Northern District of Illinois, Eastern Division

| | |
|---|---|
| In re:<br>Giocchino La Barbera<br>(aka Glocchino La Barbera)<br><br>Debtor. | Case No. 15-37554<br><br>Chapter 13<br><br>Judge Donald R. Cassling<br><br>DuPage County |

## CERTIFICATE OF SERVICE

Tom Vaughn
Chapter 13 Trustee
55 E. Monroe Street
Suite 3850
Chicago, IL 60603

Giocchino La Barbera
(aka Glocchino La Barbera)
2N273 Pleasant Hill Rd.
Carol Stream, IL 60188

Giocchino La Barbera
(aka Glocchino La Barbera)
1730 Nautilus Lane
Hanover Park, IL 60133

Property Group
600 Central
Highland Park, IL 60035

I certify that this office caused a copy of this notice to be delivered to the above-listed persons by depositing it in the U.S. Mail on November 24, 2015, at 503 N. County Farm Road, Wheaton, Illinois.

/s/ Barbara Q. Reynolds
Assistant State's Attorney ARDC #: 6209778
For: DuPage County Clerk's Office

United States Bankruptcy Court
Northern District of Illinois, Eastern Division

| | |
|---|---|
| In re:<br>Giocchino La Barbera<br>(aka Glocchino La Barbera<br>　　　Debtor. | )<br>)  Case No. 15-37554<br>)<br>)<br>)  Chapter 13<br>)<br>)<br>)  Judge Donald R. Cassling<br>)<br>)  DuPage County |

### ORDER DENYING CONFIRMATION

1. Creditor, DuPage County Clerk's Office, has filed an Objection to Confirmation requesting this Honorable Court to deny confirmation.

2. Proper notice was provided.

IT IS HEREBY ORDERED THAT:

   Confirmation of the Debtor's Chapter 13 Plan is denied.

Enter:

_____

Dated: _____                   United States Bankruptcy Judge

**Prepared by:**
Barbara Q. Reynolds ARDC #: 6209778
Assistant State's Attorney
Robert B. Berlin
DuPage County State's Attorney's Office
503 N. County Farm Road
Wheaton, IL  60187
Tel:  630-407-8272